## Mayer v. Prudential Insurance Company of America

*John Ryan*, for plaintiff; *F. J. Shoyer*, for defendant.

BONNIWELL, J., March 6, 1935.—On January 29, 1932, the Prudential Insurance Company of America issued a policy on the life of the plaintiff, under the terms of which it agreed, for an additional premium, to pay the assured a monthly income of $10 for each $1,000 of the face amount of insurance in the event of his total or permanent disability, occurring after payment of the first premium, and to waive premiums in the event of such disability.

The policy contained the following incontestable provision: "This policy shall be incontestable after 2 years from its date of issue, except for nonpayment of premiums, but if the age of the insured be misstated the amount or amounts payable under this policy shall be such as the premium would have purchased at the correct age".

The plaintiff now seeks to recover from the defendant, under the disability clause, alleging that on or about December 6, 1932, he suffered an attack of glaucoma in both eyes, followed by the formation of cataracts as a result of which he has been totally and permanently disabled since that date to such an extent as to be incapacitated to engage in his occupation, or in any occupation for remuneration or profit; that in February 1933, and again on January 29, 1934, he paid the annual premiums to the defendant; that on January 29, 1934, he gave written notice to the defendant of the existence of his total disability, and followed that notice with demands for $50 monthly income benefits from April 6, 1933, to November 6, 1934, with interest, and the return of the premium payment of $96.85, paid on January 29, 1934, which he contends was waived, under the terms of the policy, by reason of his disability.

The affidavit of defense alleges that the plaintiff's disability occurred before the payment of the first premium on the policy, and that the incontestable clause did not relieve the plaintiff from proving that his disability occurred after the policy was issued.

The plaintiff seeks judgment for want of a sufficient affidavit of defense and asserts that the defendant may not contest his claim to disability benefits made 2 years after the date of the issue of the policy.

The defendant's allegation that the plaintiff was suffering from glaucoma before the payment of the first premium is a challenge to the validity of the policy, since no mention of glaucoma is made in the plaintiff's application, attached to the policy.

The uniform life insurance policy prescribed by the Act of May 17, 1921, P. L. 682, sec. 410, provides that "No policy of life or endowment insurance shall be issued . . . unless it contains . . .: (c) A provision that the policy shall be incontestible after it has been in force, during the lifetime of the insured, two years from its date of issue, except for non-payment of premiums, and for engaging in military or naval service in time of war without the consent in writing of an executive officer of the company."

The clause means precisely what its language states: the policy will not be challenged, opposed or litigated and is indisputable after 2 years from its date of issue. The insurer cannot, after the stipulated time, avoid the policy because of fraud, false representations, or breach of warranty in the inception of the contract, nor because of any breach of condition entailing forfeiture, except those set forth in the clause itself. The incontestable clause relates to conditions existing at the time the policy was issued and a recovery on the policy cannot be defeated on the ground that the insured was disabled at that time.

The policy is the contract between the parties, and the incontestable clause applies to every part thereof, to the disability benefits, as well as to the death and accidental death benefits.

In Elwood v. New England Mutual Life Ins. Co., 305 Pa. 505, the plaintiff sought to recover from the defendant insurance company under the disability clause contained in the policy of life insurance which it issued to him. His disability resulted from wounds self-inflicted in an attempt to commit suicide. The plaintiff claimed that he was entitled to recover because he was insane when he shot himself, and, even though he was sane at the time he attempted suicide, he was also entitled to recover because of the provision in the policy making it incontestable after 1 year. His contention was that whether he was sane or insane, if he was disabled after 1 year from the date of the policy, the company must pay. The court below denied recovery by entering judgment in defend-

ant's favor notwithstanding a verdict for plaintiff. On appeal the court sustained the judgment of the lower court and held (p. 515) that "Had the plaintiff been insane at the time he shot himself, then he might recover. . . . The incontestable clause has no application under the fact here established that the plaintiff at the time he attempted his own life was sane."

Under this decision there can be no doubt that in Pennsylvania the incontestable clause applies to the disability clause and had the plaintiff been insane the court would have regarded the policy as incontestable and would have awarded the plaintiff the disability benefits thereunder.

So in the present case the incontestable clause applies to the disability clause and since the policy has been in force for more than 2 years from the date of its issue, it cannot now be litigated because of implied fraud at its inception.

Rule absolute.